**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



JOSE SANTOS,

              Plaintiff,

-v-

NEW YORK CITY DEPARTMENT OF
CORRECTION, et al.,

              Defendant.

ORDER
08 cv 8790(GBD)(THK)

GEORGE B. DANIELS, District Judge:

      Plaintiff Jose Santos, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, against Defendants the New York City Department of Correction, Correction Officer Brown, Correction Officer Arias, and Correction Officer Waiters, alleging a violation of his rights under the Eighth Amendment of the United States Constitution. Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. This Court then referred Defendants' Motion to Dismiss to Magistrate Judge Theodore H. Katz for a Report and Recommendation ("Report").

      Plaintiff claims that Defendant Brown violated his Eighth Amendment rights when she sprayed the fire extinguisher, hitting him in the face and eye with a high-pressure stream of chemicals, thereby causing him extreme pain, temporary blindness, and severe eye irritation. Defendants move to dismiss arguing that Plaintiff has failed to state the objective element of an Eighth Amendment claim because his injuries were insufficiently serious and because spraying the fire extinguisher did not constitute a use of force. Defendants further argue that Plaintiff cannot satisfy the subjective element of an Eighth Amendment violation because he alleges that Officer Brown intended to spray the other inmate, and did not maliciously intend to harm Plaintiff. Defendants also argue that the Department Correction cannot be sued because Section

396 of the New York City Charter provides in pertinent part that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."

Magistrate Judge Katz issued a Report and Recommendation recommending that the Motion to Dismiss the individual defendants be denied, but that the Motion to Dismiss the Department of Correction be granted. Specifically, the Magistrate Judge found that Plaintiff adequately pled a claim that Defendant Brown violated his Eighth Amendment rights when she was deliberately indifferent to the significant risk that indiscriminately spraying the fire extinguisher would seriously injure Plaintiff. Plaintiff's allegations sufficiently raise the issue of whether Defendant Brown's conduct was the wanton and bad faith use of excessive force, or as deliberate indifference to inmate health and safety. This claim, therefore, does not merit dismissal.

Magistrate Judge Katz also recommended that the Plaintiff adequately pled that the other individual Defendants, Arias and Waiters, were aware that he had been sprayed in the face and eye with chemicals from the fire extinguisher, and was in pain. Moreover, Plaintiff made a direct request to each of them for medical attention. Taken together, these allegations are sufficient to state a plausible claim that the individual Defendants were deliberately indifferent to a substantial risk that Plaintiff would suffer serious harm. Therefore, Plaintiff has adequately pled a denial of medical care that violates the Eighth Amendment. This claim also does not merit dismissal.[1]

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections

---

[1] Magistrate Judge Katz properly recommended that Plaintiff's claims against the Department of Corrections be dismissed because the DOC cannot be sued.

to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Katz advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Defendants filed a timely objection to the Report arguing that Magistrate Judge Katz erroneously recommended that Plaintiff's claims against Defendants Arias, Brown and Waiters survive their motion to dismiss. Defendants argue that the Plaintiff does not provide evidence adequate to show that (1) he was incarcerated under conditions that posed a substantial risk to his health or safety; (2) Defendant Brown acted with the requisite culpable state of mind; and (3) Defendants Arias and Waiters exhibited a deliberate indifference toward his medical needs. This Court has examined the objections and finds them to be without merit.

After carefully reviewing the Report and Recommendation, the Court adopts the Recommendation in its entirety.

Dated: New York, New York
March 25, 2010

SO ORDERED:

*George B. Daniel*

GEORGE B. DANIELS
United States District Judge